UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HECTOR de la CRUZ | CIVIL ACTION |
| VERSUS | NO. 14-1729 |
| TANGIPAHOA PARISH SHERIFF<br>DANIEL EDWARDS, ET AL. | SECTION "N"  (1) |

**ORDER AND REASONS**

Presently before the Court are motions for summary judgment, filed by Defendants Sheriff Daniel Edwards and Deputy Lindell Bridges, (Rec. Doc. 31), as well as Defendants  Edward Stewart, Donnie Spinks, and Dwain Tycer. (Rec. Doc. 33). Now, having reviewed the parties' submissions, the applicable law, and the record, the Court issues this Order and Reasons.

**I. Background**

This litigation arises from a dispute over the location of Carter Kinchen Road, a private road in Tickfaw, Louisiana. Carter Kinchen Road consists of a gravel pathway that runs adjacent to and beyond property co-owned by the Plaintiff, Hector de la Cruz. For years before Mr. de la Cruz purchased his property, the pathway had been used by others, including Defendants Dwain Tycer and Edward Stewart,[1] as an access route to timberland to the west of the de la Cruz parcel. However, Mr. de la Cruz, relying on what now appears to have been a flawed land survey, believed that approximately three-quarters of the width of the pathway fell within his property line, and he took exception to what he considered to be his private driveway being used by others. (*See* Rec. Doc. 1 at p. 3; Rec. Doc. 31-6 at p. 25).

Mr. de la Cruz and his wife first met with Tangipahoa Parish Sheriff Daniel Edwards to

---

[1] Tycer owned 300 acres of timberland that abutted the plaintiff's property to the west. Defendant Stewart hunted with permission on Tycer's property.

discuss the dispute in August of 2012, after Mr. Tycer had brought the dispute to the sheriff's attention. At or about the time of this meeting, Sheriff Edwards, a co-defendant in this case, informed Mr. de la Cruz that he had requested an attorney to look into who had the right to use the pathway. (Rec. Doc. 31-6 at p.32). Thereafter, that attorney, Scott Sledge, issued a written opinion to Sheriff Edwards, in which he concluded Mr. de la Cruz had "no rights whatsoever in the right-of-way" known as Carter Kinchen Road. (*See* Rec. Doc. 31-7 at. p.3).[2]

After roughly one year had passed since the Plaintiff and Sheriff Edwards met, tensions between the participants in the property dispute boiled over, resulting in the Tangipahoa Parish Sheriff's Office ("TPSO") being summoned on three occasions in five days. First, on July 30, 2013, Mr. Tycer called TPSO to report that Mr. de la Cruz was using a parked dump truck to block the pathway and prevent Mr. Tycer and others in his employ from accessing the timberland. When Defendant Deputy Lindell Bridges arrived on scene, Mr. de la Cruz was not present, so the deputy ordered the Plaintiffs' wife to move the dump truck. When she did not comply, the deputy commanded the vehicle be towed. Three days later, on August 2, 2013, Deputy Bridges responded to the scene again, after Mr. Stewart and Mr. Tycer discovered that the Plaintiff had obstructed the pathway by erecting a locked gate in place of the dump truck. Unable to locate the Plaintiff, Deputy Bridges instructed the men present to dismantle and remove the gate. Finally, on August 4, 2013, Deputy Bridges was dispatched to a trespassing call that had emanated from Mr. Tycer, and he returned to the disputed property once again. This time, upon his arrival, the deputy found Mr. de la Cruz perched on a tractor in or near the pathway. After refusing repeated orders by Deputy

---

[2] Unfortunately, this opinion apparently was never provided by Sheriff Edwards to the Plaintiff to verify, in an attempt to end the difference of opinion. Instead, the conflict festered.

Bridges to disembark the tractor, the plaintiff fled on foot towards his residence and the deputy gave pursuit.

As he neared his house, and with the deputy closing in, Mr. de la Cruz went to the ground and was pepper sprayed in the back of the head by Deputy Bridges, prior to being handcuffed. The Plaintiff's wife witnessed a portion of the pursuit and arrest, and her deposition testimony supports her husband's version of events. (*See* Rec. Doc. 43-14 at p.29).

As a result of the towing of the vehicle, the dismantling of the offense, and the arrest, the Plaintiff has brought multiple claims against the co-defendants. These claims include constitutional violations of the plaintiff's Fourth and Fourteenth Amendment rights, as well as the state law tort claims of false arrest, assault and battery, conversion, property damage, and violations of the Louisiana Racketeering Act.  The claims are now before the Court upon motions of the co-defendants for summary judgment.

## II. Law and Analysis

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Importantly, the summary judgment requires a two-part finding: (1) there is no genuine issue as to any material fact, and (2) the movant is entitled to judgment as a matter of law.  If the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party, then there is a genuine issue of material fact, and summary judgment is not proper. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Furthermore, the Court considers all evidence in the light most favorable to the

non-moving party. *Smith v. City of Jackson*, 351 F.3d 183, 185 (5th Cir. 2003). However, a dispute will not be considered genuine when established with "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted).

**1. Law Governing Federal Claims Under 42 U.S.C. § 1983**

Section 1983 of Title 42 of the United States Code provides redress for the deprivation of rights, privileges, and immunities secured by the Constitution and laws, by a person acting under color of state law. 42 U.S.C. § 1983. One who is deprived of a constitutional right may bring a § 1983 claim against the offender in either his personal or official capacity, if he was acting under color of state law at the time. *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999). In the present case, the Plaintiff has sued only Sheriff Edwards in his official capacity. He has also asserted constitutional claims against Sheriff Edwards and his co-defendants, specifically Deputy Bridges, Mr. Tycer, and Mr. Stewart, in their individual capacities.

"Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." *Burge*, 187 F.3d at 466. As there is no vicarious or *respondeat superior* liability under 42 U.S.C. § 1983, a governmental agency may not be held liable, via a suit against a state actor in his official capacity, merely for employing a tortfeasor. *See Monell v. Department of Social Services*, 436 U.S. 658, 691-92, 98 S.Ct. 2018, 2036 (1978). Rather, for liability to be imposed, a plaintiff must show that the execution of an official policy or custom was "the moving force" behind a deprivation of rights. *Id.* at 694. Here, other than unsubstantiated allegations in the complaint that Sheriff Edwards was negligent in the "hiring, retention, or training" of Deputy Bridges, the plaintiff has not indicated in his oppositions to the summary judgment

motions any policy or custom behind the alleged violations. However, Mr. de la Cruz is not allowed to rest on the allegations in his complaint; rather, he must go beyond the pleadings to offer evidence creating a genuine issue of material fact. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).Because he has failed to point to any policy or custom behind the alleged violations, the claims brought by Mr. de la Cruz against Sheriff Daniels, in his official capacity, are hereby dismissed.

**2. Wrongful Seizure of Truck and Gate, Conversion, Property Damage**

As previously stated, Mr. de la Cruz has also brought § 1983 claims against all of the defendants in their individual, or personal, capacities. However, the doctrine of qualified immunity poses a significant challenge to these claims. Assuming *arguendo* that the underlying constitutional claims are strong enough to survive summary judgment, the co-defendants are, as government actors, shielded "from civil damages liability as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated." *Anderson v. Creighton*, 483 U.S. 635, 638 (1987). "Qualified immunity 'gives ample room for mistaken judgments,' by protecting 'all but the plainly incompetent or those who knowingly violate the law.'" *Lyford*, 243 F.3d at 190 (*citing Mendenhall v. Riser*, 213 F.3d 226, 230 (5th Cir. 2000)).

Here, Mr. de la Cruz has fallen well short of showing that the defendants were unreasonable in believing that their removal of the truck and gate were lawful. Mr. de la Cruz has admitted that, at the time they were removed, both his truck and gate blocked Carter Kinchen Road – a private road in which Deputy Bridges and his co-defendants had good reason to believe that Mr. de la Cruz had no ownership right. When Deputy Bridges ordered the removal of these obstructions, which were purposefully preventing others from accessing their property, he acted consistent with the

"community caretaking function" of law enforcement that has long been recognized by the Supreme Court of the United States. *See South Dakota v. Opperman*, 428 U.S. 364, 368-69, 96 S.Ct. 3092, 3097 (1976) ("The authority of police to seize and remove from the streets vehicles impeding traffic or threatening public safety or convenience is beyond challenge."). Regardless of the validity of Mr. de la Cruz's claim to Carter Kinchen Road, which is suspect at best, none of the defendants were unreasonable in disregarding his ownership claim.[3] To the contrary, it appears that their assessment of the Plaintiff's claim may have even been well-founded. To the unlikely extent that these actions were constitutional violations, the Defendants are immune to civil ramifications due to the reasonableness of their beliefs. As such, all § 1983 claims based on the seizure of the truck and removal of the gate from Carter Kinchen Road are dismissed.

Mr. de la Cruz has also asserted related state law claims of property damage to the gate and conversion of the tow truck, which are to be similarly dismissed. Beyond a conclusory allegation of property damage in the complaint, he has not shown that the gate sustained any damage or provided any other legal or evidentiary support for the claim. And, while there is no doubt that the towing of the truck constituted a seizure, for the reasons above, it was not a wrongful taking, which is a requisite to the claim of conversion under Louisiana law. *Richardson v. Cella*, 1 F. Supp. 3d 484, 499-500 (E.D. La. 2014). Accordingly, Mr. de la Cruz's state law conversion and property damage claims are dismissed.

---

[3] In fact, the Defendants' position was recently validated by a state court judgment, which found that "Hector de la Cruz . . . h[as] no right of ownership or no right of use of Carter Kinchen Road and [is] hereby ordered to immediately cease and desist the use and obstruction of Carter Kinchen Road." (Rec. Doc. 46-1 at p.2). Furthermore, a year earlier, Sheriff Edwards had received an attorney's written opinion stating that the Plaintiff had no right in Carter Kinchen Road, which opinion, again, was unfortunately not provided to Mr. de la Cruz in an attempt to defuse the brewing conflict.

**3. Wrongful Arrest and Imprisonment**

The Court further finds it proper to dismiss the constitutional and state law claims of wrongful arrest and imprisonment, which arise from the arrest on August 4, 2013. "The 'constitutional torts' of false arrest, unreasonable seizure, and false imprisonment require a showing of no probable cause." *Brown v. Lylford*, 243, F.3d 185, 189 (5th Cir. 2001). "Probable cause to arrest exists when the arresting officer, at the time of the arrest, has knowledge sufficient to warrant a prudent man in believing that the person arrested had committed or was committing an offense." *Gladden v. Roach*, 864 F.2d 1196, 1199 (5th Cir. 1989) (*citing United States v. Bertram*, 719 F.2d 735, 738 (5th Cir. 1983). Even without probable cause, the qualified immunity doctrine protects an arresting officer from civil damages as long as "a reasonable officer could have believed [the] arrest to be lawful, in light of clearly established law and the information the arresting officer[ ] possessed." *Hunter v. Bryant*, 502 U.S. 224, 227 (1991) (citation omitted).

In this case, Deputy Bridges arrived on scene, in uniform, after being dispatched to a trespassing call. Undoubtedly, Deputy Bridges was well aware of the Carter Kinchen Road dispute and its participants, having been summoned to the property for the third time in five days. Finding Mr. de la Cruz perched on a tractor in the proximity of the pathway, the deputy had reasonable suspicion sufficient to stop the Plaintiff to investigate whether he had committed trespass, in violation of La. R.S. 14:63 (B). *Cf. State v. Manuel*, 946 So.2d 245, 248 (La. App. 4 Cir. 2006) (holding that a defendant had a right under Louisiana law to run from an illegal frisk). Subsequently, the deputy – a uniformed officer – gained probable cause to make an arrest after the Plaintiff refused his multiple commands to dismount the tractor and then fled on foot, all in violation of La. R.S. 14:108, which prohibits, in part, resisting an officer by obstructing his attempt to effectuate a lawful

detention. Moreover, even had probable cause to arrest not existed, the Court finds that Deputy Bridges would be immune from civil liability for the constitutional torts, as a reasonable officer could have believed the arrest to be lawful. The constitutional claims and state law claims of false arrest and imprisonment are dismissed, accordingly.

### 4. Excessive Force and Assault and Battery

Stemming from the arrest, Mr. De la Cruz has also asserted constitutional and state law claims of excessive force and assault and battery. The Supreme Court has made clear that a claim of excessive force made under § 1983 is properly analyzed under the Fourth Amendment and its reasonableness standard, not the Fourteenth. *Graham v. Connor*, 490 U.S. 386, 395, 109 S. Ct. 1865, 1871, 104 L. Ed. 2d 443 (U.S. 1989). To overcome the qualified immunity defense, a plaintiff must satisfy a two-prong test. *Harper v. Harris County*, 21 F.3d 597, 600 (5th Cir. 1994). First, the plaintiff must allege "a violation of a clearly established constitutional right." *Id.* Mr. de la Cruz has satisfied this requirement as it is beyond dispute that "if a law enforcement officer uses excessive force in the course of making an arrest, the Fourth Amendment guarantee against unreasonable seizure is implicated." *Id.* Next, the plaintiff must show that the officer's behavior was objectively unreasonable under the law as it existed at the time of the occurrence. *See Id.* at 600-01. Only then could the officer be held civilly liable.

In this case, Mr. de la Cruz has alleged that the deputy pepper sprayed him after he had dropped to his knees and placed his hands behind his head, but before he had been handcuffed. (Rec. Doc. 43 at p. 12). His wife's deposition testimony is consistent with this version of events. (Rec Doc. 43-14 at p. 29). As a result, the Court finds that there is a genuine issue of material fact such that it would be improper to decide on summary judgment the reasonableness of the deputy's use of force.

Therefore, Deputy Bridges' motion for summary judgment (Rec. Doc. 31) is denied as to the § 1983 claim asserted against him. It is also denied with respect the assault and battery claims asserted against Deputy Bridges, as "excessive force transforms ordinarily protected use of force into an actionable battery" under Louisiana law. *Penn v. St. Tammany Parish Sheriff's Office*, 02-0893 (La.App. 1 Cir. 4/2/03) 843 So.2d 1157, 1161. However, because the Plaintiff has not shown why Sheriff Edwards, who was not present at the scene, should also be held liable, the state law and constitutional claims against Sheriff Edwards arising from Deputy Bridge's use of force are hereby dismissed.

**5. Negligent Hiring, Training, or Supervision**

Beyond a conclusory statement in the complaint that Sheriff Edwards was negligent in the hiring, retention, or training of Deputy Bridges, Mr. de la Cruz has not indicated in his oppositions or offered any evidence on Sheriff Edward's negligence. Sheriff Edwards, on the other hand, has offered TPSO records showing that the deputy had completed a certification program in peace officer standards and training, as well as received use of force training. Because Mr. de la Cruz has not gone beyond the pleadings to offer evidence creating a genuine issue of material fact as to the issue of negligence, the claim against Sheriff Edwards for the negligent hiring, retention or training of Deputy Bridges is hereby dismissed.

**6. Conspiracy**

Mr. de la Cruz has alleged that Sheriff Edwards, Deputy Bridges, Mr. Stewart, and Donnie Spinks conspired to violate the Plaintiff's constitutional rights in an attempt to force him into relinquishing his "exclusive right" to the use, control, and enjoyment of Carter Kinchen Road. To prevail on civil conspiracy, a plaintiff must show "(1) an actual violation of a right protected under

9

§ 1983 and (2) actions taken in concert by the defendants with the specific intent to violate the aforementioned right." *Kerr v. Lylford*, 171 F.3d 330, 340 (5th Cir. 1999). The only tenable § 1983 claim left standing is the Plaintiff's excessive force claim, discussed *supra*. However, Mr. de la Cruz has not shown that the other defendants acted in concert with Deputy Bridges, with the specific intent to violate any constitutional right. Accordingly, the conspiracy claim cannot withstand this summary judgment challenge, and it is, therefore, dismissed.

**8. Louisiana Racketeering Act**

Mr. de la Cruz has asserted claims against all of the defendants for violating the Louisiana Racketeering Act, La. R.S. 15:1353, *et seq.* Section 1353 of the Louisiana Racketeering Act sets forth the "prohibited activities" under the statute, all of which are premised on the existence of a pattern of racketeering activity. Section 1352(C) defines a "pattern of racketeering activity" to mean "engaging in at least two incidents of racketeering activity that have the same or similar intents, results, principals, victims, or methods of commission or otherwise are interrelated by distinguishing characteristics and are not isolated incidents. . ." Section 1352(A) further provides a list of sixty-two criminal offenses that are considered to be racketeering activity. From this list, Mr. de la Cruz has alleged that the defendants committed offenses such extortion, abuse of office, kidnapping, and filing a false public record. However, for many of the reasons already discussed, these claims are not supported by the evidence. As Mr. de la Cruz is unable to establish the existence of two incidences of racketeering activity, he is left without an actionable claim under the statute. The racketeering claims are dismissed.

**III. Conclusion**

For the reasons state herein, **IT IS ORDERED** that the Motion for Summary Judgment, filed Defendants Edward Stewart, Donnie Spinks, and Dwain Tycer, (Rec. Doc. 33), is **GRANTED**, and that all claims against these defendants are **DISMISSED** with prejudice.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment, filed by Defendants Sheriff Daniel Edwards and Deputy Lindell Bridges, (Rec. Doc. 31), is **GRANTED IN PART** to the extent that all claims against Sheriff Daniel Edwards, in both his official and personal capacities, and all but the excessive force and assault and battery claims asserted against Deputy Bridges are **DISMISSED** with prejudice. The Motion is **DENIED IN PART** to the extent that the excessive force and assault and battery claims asserted against Deputy Bridges have survived summary judgment.

**IT IS FINALLY ORDERED** that all claims against unidentified defendants are **DISMISSED** for want of prosecution.

New Orleans, Louisiana, this 3rd day of November, 2015.

                                                                     _____
                                                                     **KURT D. ENGELHARDT**
                                                                     **United States District Judge**